THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS SHIELDS,

           Plaintiff,

vs.

THE BOEING COMPANY, a Delaware Corporation, and COMFORCE TECHNICAL SERVICES, INC., a Delaware Corporation,

           Defendants.

No. C11-926Z

ORDER

This MATTER comes before the Court on Defendants' motion to dismiss, docket no. 3. For the following reasons, the Court GRANTS Defendants' motion to dismiss under 12(b)(6) and DISMISSES the case without prejudice and with leave to amend.

I. **BACKGROUND**

On April 28, 2011, Plaintiff Thomas Shields filed suit in Washington State Superior Court against his former employer, COMFORCE, a staffing company, and Boeing, where he provided services through COMFORCE. Notice of Removal, at 11

(docket no. 1). On June 2, 2011, Defendants removed the case on diversity jurisdiction to federal court. Notice of Removal. Defendants now move to dismiss Mr. Shields' case for insufficient process, insufficient service of process, and for failure to state a claim under Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6), respectively. Plaintiff has not responded to the motion to dismiss.[1]

II. **DISCUSSION**

    **A. Standards of Review**

        a. *Rule 12(b)(4) and 12(b)(5)*

Federal Rule of Civil Procedure 12(b)(4) allows for dismissal based on insufficient process, and was designed to allow challenges to irregularities in the contents of a summons. Rule 12(b)(5) allows for dismissal based on insufficient service of process, allowing a defendant to challenge the method of service attempted by the plaintiff.

        b. *Rule 12(b)(6)*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and

---

[1] The Court construes Plaintiff's lack of response as an admission that the motion has merit. <u>See</u> Local Rule CR 7(a)(2).

ORDER - 2

conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matter properly subject to judicial notice" when ruling on a motion to dismiss. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation and citation omitted). If the Court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (internal quotation omitted).

**B. Plaintiff Has Until August 26, 2011 to Properly Serve Defendants**

Defendants argue that the Court should dismiss Mr. Shields' case for failing to comply with the applicable statutory requirements for proper service. Plaintiff sent a copy of his complaint, without a summons, by certified mail to Boeing's Tukwila, Washington office, and to COMFORCE's Bellevue, Washington Office. Although Plaintiff's method of service currently fails to comply with the applicable statutory requirements,[2] Fed. R. Civ. P. 4(m) gives Plaintiff 120 days to serve Defendants after filing his complaint. Plaintiff therefore has until August 26, 2011 to properly serve Defendants, and Defendants' Rule 12(b)(4) and 12(b)(5) arguments are premature.

---

[2] For example, Washington Court Rule 4(d)(1) requires that a plaintiff serve the defendants with the complaint and the summons.

ORDER - 3

See, e.g., Link v. Rhodes, No. C06-0386 MHP, 2006 WL 3050859, at *7 (N.D. Cal. Oct. 25, 2006).

### C. Plaintiff fails to state a claim upon which relief can be granted

Plaintiff's complaint does not state a cause of action, nor does it allege he is entitled to damages. He states that his employment was terminated, but he does not assert that his termination was wrongful. Indeed, he does not even state that he was fired, rather that he was informed that his "contract had ended." He describes several incidents during his employment, including being told he could not have a certain screen saver deemed offensive, leaving an unreturned phone message, and nearly being "knocked of [sic] my feet" in a parking lot by passing people, but Plaintiff fails to allege that these incidents were somehow wrongful. Even taking everything in Plaintiff's complaint as true, and even giving Plaintiff's pro se complaint "the benefit of liberal construction,"[3] Plaintiff fails to state both a cognizable legal theory and fails to provide sufficient factual content to allow the court to draw a reasonable inference that Plaintiff is entitled to some form of relief.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss under 12(b)(6) and DISMISSES Plaintiff's case without prejudice.

---

[3] Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

ORDER - 4

IT IS SO ORDERED.

DATED this 8th day of July, 2011.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge